IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) KATHERINE LEIGH REICHARD and<br>(2) WILLIAM REICHARD,<br><br>          Plaintiffs,<br><br>vs.<br><br>(1) TARGET CORPORATION,<br><br>          Defendant. | Case No. 21-cv-00038-CVE-CDL<br><br>(Removed from Tulsa County<br>Case No. CJ-2020-2506) |

## NOTICE OF REMOVAL

**COMES NOW** Defendant Target Corporation ("Target"), and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the above-titled action from the District Court of Tulsa County, Oklahoma to the United States District Court for the Northern District of Oklahoma. Because this Court has original jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, Target hereby files this Notice of Removal.

## STATEMENT OF GROUNDS FOR REMOVAL

### I. FACTS

1. Plaintiffs Katherine Leigh Reichard and William Reichard are now, and have at all relevant times, been citizens of the state of Oklahoma.

2. Defendant Target is a citizen of Minnesota as it is a corporation incorporated under the laws of Minnesota with its principal place of business in Minnesota.

3. Plaintiffs filed their original Petition on August 14, 2020 in state court, Tulsa County, Oklahoma naming Target as a defendant and praying for damages in excess of $10,000 for personal injuries Plaintiff Katherine Reichard allegedly sustained in a fall in a Target store in Tulsa, Oklahoma. [Ex. 1, Plaintiffs' Petition].

4. Target filed a Motion to Dismiss Plaintiffs' Petition for failing to comply with the pleading requirement of Okla. Stat. tit. 12, § 2008(A)(2) in that it did not contain a statement "set[ting] forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code," nor did it contain an allegation of a specific amount of damages as would be required if Plaintiffs sought damages in an amount less than the jurisdictional amount. [Ex. 2, Target's Motion to Dismiss Plaintiffs' Petition].

5. In their Response to Target's Motion to Dismiss Plaintiffs' Petition, Plaintiffs argued, "[i]t is not known at this time whether the claim will rise to the seventy-five thousand dollar ($75,000) threshold for diversity jurisdiction as established in 28 U.S.C. § 1332(a). Should this claim exceed seventy-five thousand dollars ($75,000) in the course of treatment and discovery, the Defendants shall still have the option under 28 U.S.C. § 1441(a) to remove this case to federal court." [Ex. 3, Plaintiffs' Response to Defendant's Motion to Dismiss and Brief in Support].

6. On October 14, 2020, the state court ordered Plaintiffs to plead either that the monetary relief they seek to recover in this action exceeds the amount required for diversity jurisdiction in the federal courts or, if they seek less than that amount, the specific amount Plaintiffs seek to recover, as required by Okla. Stat. tit. 12, § 2008(A). [Ex. 4, Order Granting Defendant's Motion to Dismiss].

7. Plaintiffs filed their First Amended Petition on October 20, 2020 praying for damages "in a sum in excess of $10,000, but not to exceed $74,500 . . . ." [Ex. 5, Plaintiff's First Amended Petition].

8. Target filed a Motion to Dismiss Plaintiffs' First Amended Petition for failing to state the specific amount sought as required by Okla. Stat. tit. 12, § 2008(A)(2) and the court's October 14, 2020 Order when the amount sought is less than the jurisdictional amount. [Ex. 6, Target's Motion to Dismiss Plaintiffs' First Amended Petition].

9. In their Response to Target's Motion to Dismiss Plaintiffs' First Amended Petition, Plaintiffs argued that they specifically alleged the range of damages they seek to recover because an itemized damage listing or calculation "is unavailable at this time" as Plaintiff Katherine Reichard's medical expenses continue to increase. Plaintiffs also again argued, "[i]t is not known at this time whether the claim will rise to the seventy-five thousand dollar ($75,000) threshold for diversity jurisdiction as established in 28 U.S.C. § 1332(a)." [Ex. 7, Plaintiffs' Response to Defendant's Motion to Dismiss Plaintiffs' First Amended Petition and Brief in Support].

10. On November 24, 2020, the state court ordered Plaintiffs to amend their petition to comply with Okla. Stat. tit. 12, § 2008(A)(2). [Ex. 8, Order Sustaining Defendant's Motion to Dismiss Plaintiffs' First Amended Petition].

11. On December 1, 2020, Plaintiffs filed a Second Amended Petition praying for damages "in the sum of $74,500, together with interest thereon, all costs of this action, and for such other relief to which they may be entitled." [Ex. 9, Plaintiffs' Second Amended Petition].

12. In their Second Amended Petition, Plaintiffs allege Plaintiff Katherine Reichard, with a life expectancy of 55 years, "suffered a severe fall which has resulted in permanent injuries. . . which injuries are serious in their nature." [Ex. 9, p. 2].

13. In their Second Amended Petition, Plaintiffs allege Plaintiff William Reichard "has suffered a loss of companionship, society, and consortium." [Ex. 9, p. 2].

14. Target filed its Answer to Plaintiffs' Second Amended Petition on December 16, 2020. [Ex. 10, Target's Answer to Plaintiffs' Second Amended Petition].

15. Target sent a Request for Admission to Plaintiffs requesting them to "[p]lease admit that in no circumstances will Plaintiffs' damages sought in this lawsuit exceed $74,500." Plaintiffs *denied* Target's Request for Admission on January 18, 2021, stating "Plaintiff does not know what future circumstances may arise. Plaintiff presently remains under medical treatment. Plaintiff does not know what amount may be incurred for future treatment or the type of treatment that may be sought. The cost of future treatment may certainly be in excess of $10,000.00." [Ex. 11, Plaintiffs' Responses to Defendant's First Requests for Admission].

16. According to Plaintiffs' Responses to Target's First Requests for Admission, the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a).

17. According to 28 U.S.C. § 1446(c)(3)(A), "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)."

18. As this Notice of Removal has been filed within 30 days of service of Plaintiffs' Responses to Target's First Requests for Admission, removal is timely pursuant to 28 U.S.C. § 1446(b).

19. There are no other defendants from whom consent for removal is required per 28 U.S.C. § 1446(b)(2)(A).

20. The United States District Court for the Northern District of Oklahoma embraces Tulsa County, where the state court action is pending. *See* 28 U.S.C. § 116(a).

21. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, copies of all documents filed in the case to date, along with a copy of the state district court Docket Sheet, are submitted with this Notice of Removal. [Exhibit 12, Docket Sheet; Exhibit 13, Court Filings].

## II.   AMOUNT IN CONTROVERSY

Although Plaintiffs claimed damages in the sum of $74,500 in their Second Amended Petition, Plaintiffs' denial of Defendant's request for them to admit that their damages will not exceed $74,500 establishes that the amount in controversy exceeds $75,000. Removal to federal court based on diversity of citizenship jurisdiction is therefore proper. "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended petition, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). If the amount in controversy stated in the initial pleading does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3). 28 U.S.C. § 1446(c)(3)(A). The Tenth Circuit has "consistently interpreted the term *other paper* broadly to include state-court filings and discovery." *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1268 (10th Cir. 2016) (emphasis in original).

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). A defendant's notice of removal only needs to contain a plausible allegation that the amount in controversy exceeds the jurisdictional amount. *Id.* at 89. "The amount in controversy is not proof of the

amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

Plaintiffs pled damages in a sum of $74,500, but they make clear from their Response to Defendant's Request for Admission that an amount in excess of the amount required for diversity jurisdiction will be at issue in the litigation. When Plaintiffs' original Petition and First Amended Petition failed to comply with Okla. Stat. tit. 12, § 2008, Defendant filed a Motion to Dismiss Plaintiffs' original Petition and First Amended Petition in order to ascertain whether Plaintiffs would be claiming damages in an amount in excess of $75,000 to determine if the case could be removed to federal court. [Exs. 2, 8]. Plaintiffs' First Amended Petition prayed for damages in a range of $10,000, "but not to exceed $74,500." [Ex. 7]. Plaintiffs' Second Amended Petition prayed for damages "in the sum of $74,500." [Ex. 9]. Despite stating in their Second Amended Petition that damages were $74,500 and stating in their First Amended Petition that damages would not exceed $74,500, Plaintiffs deny in discovery that their damages will not exceed $74,500. [*See* Ex. 11].

Defendant has continually tried to ascertain whether Plaintiffs will claim damages in this lawsuit that are in excess of the jurisdictional amount, through motions to dismiss and discovery requests. The amount in controversy will certainly exceed $75,000. Plaintiffs claim in their Second Amended Petition that Plaintiff Katherine Reichard suffered serious and permanent injuries. [Ex. 9]. According to Plaintiffs' own discovery responses, Plaintiff remains under medical treatment, does not know what amount may be incurred for future treatment, does not know what future circumstances may arise, and will not state that their damages will not exceed the amount required for diversity jurisdiction. [Ex. 11].

Removal has been permitted in similar circumstances in the past. For instance, most recently in *Partin v. Marmic Fire & Safety Co.*, the court denied the plaintiff's motion to remand where the plaintiff argued that exact damages were incalculable. No. 16-CV-647-JED-FHM, 2017 WL 2931401, at *2 (N.D. Okla. July 10, 2017). In *Partin*, the plaintiff alleged damages in excess of $10,000 in his petition. *Id.* at *1. After multiple petitions and multiple motions from the defendants for the plaintiff to identify his damages in accordance with Okla. Stat. tit. 12, § 2008(A)(2), the state court ordered the plaintiff to establish whether an award for the plaintiff would exceed the amount required for diversity jurisdiction. *Partin*, 2017 WL 2931401, at *2. However, the plaintiff responded that "any attempt to put a dollar amount on the emotional distress would be pure speculation. There was no indication whether total damages sought would or would not exceed $75,000." *Id.* The Court held that the defendants satisfied the amount in controversy requirement for removal. *Id.* at *6. Here, Plaintiffs will not state whether the damages sought do or do not exceed $75,000. [Ex. 11]. Like in *Partin*, their denial effectively equates to an admission that damages will not be under $75,000. [*See* Ex. 11].

Likewise, in *Stiles v. Chattem, Inc.*, the plaintiff filed a lawsuit alleging "severe, grievous, and painful injuries" that resulted in the death of the decedent. No. 10-CV-0598-CVE-TLW, 2011 WL 90321, at *1 (N.D. Okla. Jan. 11, 2011). The plaintiffs' petition claimed in excess of $10,000 in damages. *Id.* The defendants filed a motion to clarify damages and sent a request for admission requesting the plaintiffs to admit "either that the amount in controversy did not exceed $75,000, and that neither plaintiffs nor anyone on their behalf would ask for damages in excess of that amount, or that they admit they were seeking more than $75,000 in damages." *Id.* Plaintiffs responded that "they had no way of knowing what the amount in controversy would be" and noted that "the petition sues for wrongful death and cannot fathom a situation where

damages in excess of $75,000 would not be a possibility in a death action." *Id.* The defendants filed a notice of removal within 30 days of receiving plaintiffs' responses to their request for admission. *Id.*

In determining whether to grant the plaintiffs' motion to remand, the *Stiles* Court looked to the Tenth Circuit's decision in *McPhail*. *Stiles*, 2011 WL 90321, at *5. In *McPhail*, the Tenth Circuit considered correspondence from the plaintiff's counsel that stated the amount in controversy "very well may be" in excess of $75,000, even though the plaintiff's counsel refused to stipulate to any amount other than the $10,000 that was required by Oklahoma law at the time. *McPhail*, 529 F.3d at 957. The *Stiles* Court therefore held that the defendants' notice of removal established by a preponderance of the evidence facts sufficient to raise a possibility that the amount in controversy exceeds $75,000 where, like the plaintiff in *McPhail* that stated the amount claimed "may very well be" in excess of $75,000, the plaintiffs in *Stiles* stated they could not "fathom a situation where damages in excess of $75,000 would not be a possibility in a death action." *Stiles*, 2011 WL 90321, at * 5.

Similarly, here, Plaintiffs will not admit that their damages will not exceed the amount claimed in their Second Amended Petition, $74,500, because Plaintiffs do "not know what future circumstances may arise" and Plaintiffs do "not know what amount may be incurred for future treatment or the type of treatment that may be sought." [Ex. 11] Like the *McPhail*, *Partin*, and *Stiles* cases, the amount in controversy here exceeds $75,000 as evidenced by Plaintiffs' assertion that the continuing and future medical treatment will increase the amount of damages asserted, which is currently the $74,500 claimed in the Second Amended Petition. [*See* Ex. 11]. Unlike the defendants in *McPhail* and *Stiles*, defendants are no longer required to prove jurisdictional facts by a "preponderance of the evidence" that the amount in controversy may

exceed $75,000. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89. Defendants must only have a plausible allegation in their Notice of Removal that the amount in controversy exceeds $75,000. *Id.* However, Plaintiffs' Response to Defendant's Request for Admission demonstrates that the amount that will be at issue exceeds $75,000 and is certainly at least a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See id.* Therefore, the amount in controversy has been met, and removal to federal court based on diversity of citizenship jurisdiction is proper.

## CONCLUSION

Defendant Target Corporation, pursuant to 28 U.S.C. § 1441, hereby files this Notice of Removal of the above-styled lawsuit from the District Court of Tulsa County, Oklahoma to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

s/ Lacy B. Pulliam
Phil R. Richards, OBA #10457
Lacy B. Pulliam, OBA #34004
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma 74103-4509
Telephone: (918) 585-2394
Facsimile: (918) 585-1449

ATTORNEYS FOR DEFENDANT
TARGET CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that, on the 2nd day of February, 2021, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF Registrants:

James E. Frasier, Esq.
Frank W. Frasier, Esq.
George Miles, Esq.
FRASIER, FRASIER & HICKMAN, LLP
1700 Southwest Boulevard
Tulsa, Oklahoma 74107

**ATTORNEYS FOR PLAINTIFFS**

Additionally, pursuant to 28 U.S.C. § 1446(d), true and correct copies of the Notice of Removal were hand delivered to the following:

Don Newberry
Tulsa County Court Clerk
500 S. Denver Avenue
Tulsa, Oklahoma 74103

                                                s/ Lacy B. Pulliam
                                                Lacy B. Pulliam